**Gregory L. Baird, OSB No. 922212**
gbaird@gordon-polscer.com
**Gordon & Polscer, L.L.C.**
9755 S.W. Barnes Road, Suite 650
Portland, OR 97225
Telephone: (503) 242-2922
Facsimile: (503) 242-1264

*Attorneys for Plaintiff*
*GREAT WEST CASUALTY COMPANY*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>ALL-WAYS TRUCKING, INC.,<br><br>    Defendant. | Case No. 3:18-cv-01681<br><br>**COMPLAINT**<br><br>**DECLARATORY RELIEF**<br>**28 U.S.C. § 2201** |

**PARTIES**

1.

Great West Casualty Company ("Great West") is an insurance company incorporated in the State of Nebraska, with its principal place of business in Nebraska.

///

///

**COMPLAINT**                                                                                                                                                    Page 1

2.

All-Ways Trucking, Inc. ("All-Ways") is a nationwide transportation company incorporated in the State of Oregon, with its principal place of business in Oregon.

## JURISDICTION AND VENUE

3.

This court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, given the diversity of the parties.

4.

The amount in controversy exceeds $75,000, exclusive of interest or costs.

5.

Jurisdiction and venue are proper in Oregon because Defendant All-Ways is an Oregon corporation.

## FACTS

6.

Beverly Simpson filed a lawsuit against All-Ways and Sampson Transport, LLC ("Sampson"), among others, captioned *Beverly Simpson v. Omega Precision Inc., et al.*, Superior Court of California, Count of Sacramento Case No. 34-2017-00210287 ("Underlying Action"). A true and correct copy of the Complaint in the Underlying Action is attached as **Exhibit 1**. The Underlying Lawsuit involves claims regarding the death of Matthew Simpson, who died while attempting to place a tarp over a load that he was preparing to haul as part of his work as a truck driver. All-Ways was the broker that put the transport job out to bid. Sampson won the bid and arranged for the decedent to perform the job. All-Ways allegedly breached its duty to disclose and provide necessary information about the height, width, and condition of the load. Sampson

allegedly breached its duty to compile, acquire, and/or act on information about the height, width, and condition of the load.  Sampson is also alleged to have failed to provide a safe place to work.

7.

All-Ways was dismissed from the Underlying Action on the grounds that the claims against it were pre-empted by Federal law.

8.

Great West issued an insurance policy to Sampson that provided commercial automobile coverage, with policy number MCP10167B and effective May 8, 2015 through May 8, 2016 ("the Policy").  A true and correct copy of the policy is attached as **Exhibit 2** to this complaint.  Great West agreed to defend and is defending Sampson in the Underlying Action.  The Underlying Action is ongoing.  To date, there has been no finding of liability against Sampson in the Underlying Action.

9.

All-Ways and Sampson entered into a Carrier-Broker Contract that requires Sampson to indemnify, defend, and hold harmless All-Ways for all losses relating to transportation services provided under the Carrier-Broker Contract.  All-Ways has not sued Sampson claiming that Sampson owes indemnity.

10.

All-Ways asserted that it is an insured under the Policy and tendered defense of the claims in the Underlying Action.  Great West denied that All-Ways is an insured subject to a defense obligation under the Policy.  Great West agreed to reimburse All-Ways for defense costs

to the extent Sampson is legally obligated to indemnify All-Ways for such amounts. To date, Sampson's liability to indemnify All-Ways has not been determined.

11.

Oregon Revised Statute (ORS) 825.170 and/or Revised Code of Washington (RCW) 4.24.115 limit Great West's obligation to reimburse defense costs of All-Ways, whether as a direct obligation to All-Ways or as a result of Sampson's liability to All-Ways, to those amounts attributable to the negligence of Sampson.

12.

All-Ways has demanded $100,053.65 from Great West as reimbursement for the entire amount that All-Ways allegedly incurred defending the claims against it in the Underlying Action.

13.

Great West asserts that the amounts incurred as defense costs are not recoverable against Sampson, in whole or part, for the following reasons:

(a) The applicable state anti-indemnity statute limits the enforceability of Sampson's indemnity obligation, and Great West's obligation to pay for defense costs incurred because of the negligence of Sampson. All-Ways defense costs are not presently recoverable because either:

(1) The claims against All-Ways were for the negligence of All-Ways itself; or

(2) There has been no determination that Sampson was negligent.

(b) The amounts incurred as defense costs exceed the reasonable value of the claims.

(c)     The amounts incurred include work relating to insurance coverage claims unrelated to the defense of All-Ways.

(d)     Any other defense Sampson may have to the legal obligation to indemnify All-Ways.

14.

All-Ways asserts that the full amount of defense costs is presently owing because:

(a)     The applicable state anti-indemnity state is pre-empted by federal law; and

(b)     The defense of All-Ways was due to the fault of Sampson.

## CLAIM FOR DECLARATORY RELIEF

15.

Great West incorporates by reference the allegations in paragraph 1-14.

16.

A present and actual controversy exists regarding Great West's rights and obligations under the Policy, including Great West's obligation to reimburse defense costs allegedly incurred by All-Ways with respect to the Underlying Action. Great West seeks and is entitled to a declaration of the rights of the parties pursuant to FRCP 57 and 28 U.S.C. §2201.

17.

Great West seeks a legal declaration regarding its rights and obligations under the Policy, including, but not limited to, that:

(a)     Great West has no obligation to pay the defense costs claimed by All-Ways with respect to the Underlying Action;

(b)     Oregon Revised Statute (ORS) 825.170 and/or Revised Code of Washington (RCW) 4.24.115 limit Great West's obligation to reimburse the defense costs of

           All-Ways, whether as a direct obligation to All-Ways or as a result of Sampson's liability to All-Ways, to those amounts attributable to the negligence of Sampson, a determination of which is premature while Sampson continues to defend the claims against it in the Underlying Action; and

(c)     All-Ways does not qualify as an insured under the Policy with respect to the Underlying Action.

## PRAYER

WHEREFORE, Great West requests judgment in its favor and against defendant as follows:

(a)     A legal declaration regarding its rights and obligations under the Policy, including that:

      (1)     Great West has no obligation to pay the defense costs claimed by All-Ways with respect to the Underlying Action;

      (2)     Oregon Revised Statute (ORS) 825.170 and/or Revised Code of Washington (RCW) 4.24.115 limit Great West's coverage obligation to reimburse the defense costs of All-Ways, whether as a direct obligation to All-Ways or as a result of Sampson's liability to All-Ways, to those amounts attributable to the negligence of Sampson, a determination of which is premature while Samson continues to defend the claims against it in the Underlying Action; and

      (3)     All-Ways does not qualify as an insured under the Policy with respect to the Underlying Action.

(b) An award of all costs and expenses incurred herein; and

(c) Such other and further relief that the Court deems just and equitable.

DATED this 18th day of September, 2018.

By: *s/ Gregory L. Baird*
Gregory L. Baird, OSB No. 922212
gbaird@gordon-polscer.com
Telephone Number: (503) 242-2922

*Attorneys for Plaintiff Great West Casualty Company*

**COMPLAINT** **Page 7**